UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
SAIDAH NAEEMAH HAZIZ-RAMADHAN,

                Plaintiff,                        **MEMORANDUM & ORDER**

         -against-                     2:23-cv-02671 (OEM)(JMW)

SPECIALIZED LOAN SERVICING, LLC;
WELLS FARGO; U.S. BANK NATIONAL
ASSOCIATION, AS TRUSTEE FOR SG
MORTGAGE SECURITIES ASSET BACKED
CERTIFICATES, SERIES 2006-FRE2; and
AKMAL MEERSYED, CEO OF AND GLOBUS
SOLUTIONS, INC.,

                Defendants.
-----------------------------------------------------------X
ORELIA E. MERCHANT, District Judge:

      Plaintiff Saidah Naeemah Haziz-Ramadhan ("Plaintiff"), proceeding pro se, brought suit

against defendants Specialized Loan Servicing, LLC ("Specialized Loan Servicing"), Wells Fargo,

U.S. Bank National Association ("U.S. Bank"), Akmal Meersyed ("Meersyed"), and Globus

Solutions, Inc. ("Globus") (collectively, "Defendants") on April 10, 2023, asserting state and

federal claims relating to the foreclosure of Plaintiff's home and her eviction from the same.

Plaintiff, in her original complaint, brought claims of "Fraud Upon the Court," "Violation of DUE

PROCESS," and "Lack of Standing," seeking "a judgment entered to the effect that the Plaintiff's

loans are completely discharged as against the Defendant(s)," "Recovery of Money/Property to

the effect of restoring the full deed and title of her private house," and other forms of injunctive

and monetary relief.  On June 1, 2023, Plaintiff moved for default judgment against Defendants.

On August 7, 2023, Plaintiff submitted a filing that the Court interpreted on August 8, 2023 as a

motion for leave to file an amended complaint.  Defendant Specialized Loan Servicing, joined by

U.S. Bank and Wells Fargo, filed motions to dismiss Plaintiff's complaint.  For the following

reasons, Plaintiff's complaint is dismissed and Plaintiff's motion for leave to amend, motion for summary judgment, and motion for default judgment are denied.

## BACKGROUND

On April 26, 2006, Plaintiff executed a promissory note in the amount of $528,000 and executed a mortgage (the "Mortgage") encumbering Plaintiff's real property located at 16 South Montgomery Avenue, Bay Shore, New York (the "Property").  Complaint, ECF 1 ("Compl."), at 5.  On August 16, 2006, the Mortgage was recorded in the Suffolk County Clerk's office.  Declaration of Laurence P. Chirch, Esq. ("Chirch Decl.") at Ex. A[1].  On July 13, 2012, the Mortgage was assigned to U.S. Bank.  Chirch Decl. at Ex. B.

On January 11, 2007, U.S. Bank initiated a foreclosure action against Plaintiff in the Supreme Court of the State of New York, Suffolk County, alleging that she had failed to make required monthly payments since September 1, 2006.  Compl. at 6, 9; Chirch Decl. at Ex. A.  The State court entered a Judgment of Foreclosure and Sale against Plaintiff on December 17, 2015.  Compl. at 9; Chirch Decl. at Ex. C.  At some point following this judgment, the Property was conveyed to Globus and Meersyed.  Compl. at 12.

On May 22, 2022, Globus initiated eviction proceedings against Plaintiff in Suffolk County Landlord-Tenant Court.  Church Decl. at Ex. D.  This ongoing proceeding has resulted in multiple eviction notices against Plaintiff.  Compl. at 15, 22, 25.

On October 24, 2022, Plaintiff filed suit in this Court, and on December 9, 2022, the Honorable Gary R. Brown dismissed Plaintiff's suit without prejudice, ruling that "because the complaint seems to be an effort by an unsuccessful state court litigant to relitigate matters before this Court, under the Rooker-Feldman doctrine, the Court would be required to abstain from the

---

[1] The Court takes judicial notice of the documents referenced herein pursuant to Fed. R. Evid. 201(b)(2) and *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007).

exercise of jurisdiction." *Haziz-Ramadhan v. Meersyed et al*, 2:22-cv-06435-GRB-JMW (E.D.N.Y. Dec. 12, 2022).   Plaintiff subsequently initiated a bankruptcy action, which was dismissed on February 27, 2023.  Chirch Decl. at Ex. F.

On April 10, 2023, Plaintiff filed the instant action.  In her Complaint, Plaintiff brings a litany of challenges against the legitimacy of the Mortgage, the transfers of the Mortgage, and the state court foreclosure proceedings.  Plaintiff alleges that Defendants defrauded the state court through their "aware[ness] of the fake assignment," their alleged misrepresentation of themselves to the state court as "holders in due course," and Defendant Specialized Loan Servicing's status as "not a bank, but an LLC."  Compl. at 42-43.  Plaintiff likewise brings a variety of constitutional challenges against the state court foreclosure action, alleging among other things that "[a] Fact Witness was never presented to the court," "No affidavit of a harmed party was ever presented," and that one of "defendant(s)' Alleged client[s]" was "a false/fictitious client."  *Id*. at 45. Plaintiff's complaint also challenges the state foreclosure action on standing grounds.  *Id*. at 47-48.

### STANDARD OF REVIEW

To survive a motion to dismiss, Plaintiff's complaint must meet the *Iqbal-Twombly* pleading standard and "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  In reviewing a motion to dismiss, this Court must "accept[] as true factual allegations made in the complaint, […] drawing all reasonable inferences in favor of the plaintiffs."  *Town of Babylon v. Fed. Hous. Fin. Agency*, 699 F.3d 221, 227 (2d Cir. 2012).

"It is well established that the submissions of a *pro se* litigant must be construed liberally and interpreted 'to raise the strongest arguments that they suggest.'" *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (cleaned up); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (A "*pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyer."). Nonetheless, a pro se plaintiff must "still comply with the relevant rules of procedural and substantive law, including establishing that the court has subject matter jurisdiction over the action." *Ally v. Sukkar*, 128 F. App'x 194, 195 (2d Cir. 2005).

## DISCUSSION

### 1. Motion for Default Judgment

Plaintiff moves for default judgment against Defendants on the grounds that "[n]one of the attorneys have answered the Summons and Complaint sufficiently." Mot. for Default Judgment, ECF 17 at 1. This is not the case. Specialized Loan Servicing, U.S. Bank, and Wells Fargo all submitted motions to dismiss within their deadline for a response to Plaintiff's complaint. Defendants Akmal Meersyed ("Meersyed") and Globus Solutions Inc. ("Globus"), on the other hand, appear to have never been properly served: Plaintiff's summons returned executed (ECF 6) describes an attempted service on a "Tressa Johnson," who is described as someone "designated by law to accept service of process on behalf of [...] Brian P. Nelson," who Plaintiff describes as the attorney for Meersyed and Globus. But delivery of a summons on the purported agent of a party's alleged attorney—who has not appeared in this action—is not proper service. *See generally* F.R.C.P. Rule 4; N.Y.C.P.L.R § 308. This Court cannot enter default judgment against parties that have not yet been served. Accordingly, Plaintiff's motion for default judgment is denied.

## 2.  Motion to Dismiss

Defendants argue that Plaintiff's complaint must be dismissed as barred by a variety of jurisdictional doctrines.  Defendants are correct:  Plaintiff's complaint must be dismissed pursuant to the doctrines of *Younger* abstention, *Rooker-Feldman*, and res judicata.

### a.  Younger Abstention

This Court must abstain from jurisdiction over Plaintiff's complaint pursuant to *Younger v. Harris*, 401 U.S. 37, 43-45 (1971).  "The defining feature of *Younger* abstention is that even though either a federal or a state court could adjudicate a given claim, when there is an ongoing state proceeding in which the claim can be raised, and when adjudicating the claim in federal court would interfere unduly with the ongoing state proceeding, the claim is more appropriately adjudicated in state court."  *Kirschner v. Klemons*, 225 F.3d 227, 236 (2d Cir. 2000).

"[F]ederal court intervention in an ongoing state foreclosure proceeding ... [is] generally barred by *Younger v. Harris*."  *Fequiere v. Tribeca Lending*, No. 14-CV-0812 (RRM)(LB), 2015 WL 1412580, at *7 (E.D.N.Y. Mar. 20, 2015) (quoting *Marcelo v. EMC Mortg. Corp.*, 2011 WL 1792671, at *4 (E.D.N.Y. May 6, 2011)).  Here, Plaintiff's claims would interfere unduly with the underlying state foreclosure and eviction proceedings, which concern the precise same property that Plaintiff's desired injunctive and monetary relief concerns.  *See, e.g.*, *Amissah v. Wells Fargo*, No. 19-CV-04624 (AMD)(CLP), 2020 WL 868599, at *3 (E.D.N.Y. Feb. 20, 2020) ("The plaintiff seeks injunctive and monetary relief relating to the same property that is the subject matter of the underlying state court actions.  The plaintiff's remedies are therefore limited to state court—either in the original venue, or on appeal to the state appellate court.  *Younger* abstention bars her from seeking injunctive relief in a federal court.").  Accordingly, this Court must abstain from exercising jurisdiction over Plaintiff's claims.

### b.  Res Judicata

Plaintiff's claims are further barred by the doctrine of res judicata.  "Under the doctrine of res judicata, or claim preclusion, a final judgment on the merits of an action precludes the parties or their privies from relitigating claims that were or could have been raised in that action."  *Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 286–87 (2d Cir. 2002).  Federal courts are required "to give preclusive effect to state-court judgments whenever the courts from the State from which the judgments emerged would do so[.]"  *Allen v. McCurry*, 449 U.S. 90, 95-96 (1980) (citing 28 U.S.C. § 1738).  Accordingly, New York State's res judicata law governs here.

In New York, res judicata applies where: "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the same adverse parties or those in privity with them; and (3) the claims asserted in the subsequent action were, or could have been raised, in the prior action."  *Harris ex relatione Harris v. BNC Mortg., Inc.*, No. 16-CV-2126 (MKB), 2017 WL 1166357, at *4 (E.D.N.Y. Mar. 28, 2017), *aff'd sub nom. Harris v. BNC Mortg., Inc.*, 737 F. App'x 573 (2d Cir. 2018).

Here, the state foreclosure action was an adjudication on the merits, concerned the same adverse parties as this action, and was where the claims asserted in the current action were or could have been raised.  Each of Plaintiff's causes of action stands as nothing more than a factual or procedural disagreement with the state court's ruling: Plaintiff's first cause of action alleges that Plaintiff's state court arguments were fraudulent; her second cause of action challenges alleged constitutional defects in the state judgment; and her third cause of action purports to challenge Defendants' standing at the state level.  The state action is where these claims were or could have been raised.  *See, e.g.*, *id*. at *5 ("[T]he gravamen of the arguments are the same—that Defendants had no right to foreclose on the Property because they did not hold a legally valid note.  Moreover,

both this action and the State Court action are based on the same set of facts relating to the foreclosure of the Property.  Therefore, Plaintiffs claims were or could have been raised in the State Court action.") (cleaned up); *Amissah*, 2020 WL 868599, at *3 ("Her claims arise out of the same series of transactions at issue in state court: the allegedly fraudulent second mortgage and subsequent property foreclosure.  The plaintiff is merely making the same arguments that the state court rejected, but in a federal forum.").  Accordingly, res judicata provides a further basis for dismissal.

### c.  Rooker-Feldman Abstention

Dismissal of this action is also required by the *Rooker-Feldman* doctrine.  "The *Rooker–Feldman* doctrine provides that federal courts lack jurisdiction over a case if the exercise of jurisdiction would result in reversal or modification of a state court judgment.  Where claims raised in a federal action are 'inextricably intertwined' with a state court's determination, dismissal of the federal claims for lack of jurisdiction pursuant to *Rooker–Feldman* is proper."  *Botsas v. United States*, 5 F. App'x 69, 70 (2d Cir. 2001).

Where, as here, a federal suit functions as "a collateral attack on [a] state court foreclosure judgment," dismissal pursuant to the *Rooker-Feldman* doctrine is required.  *Amissah*, 2020 WL 868599, at *4 (E.D.N.Y. Feb. 20, 2020).  Each of Plaintiff's causes of action asks this Court to revisit the issues at the heart of the state foreclosure action.  The *Rooker-Feldman* doctrine therefore provides an independent basis for dismissal.

### 3.  Motion for Leave to Amend

Plaintiff seeks leave to amend her complaint in an attempt to resolve the issues described above.  "Under Fed.R.Civ.P. 15(a), leave to amend a complaint should be 'freely given when justice so requires.' However, it is well established that leave to amend a complaint need not be

granted when amendment would be futile." *Ellis v. Chao*, 336 F.3d 114, 127 (2d Cir. 2003) (cleaned up).  Here, amendment of Plaintiff's complaint would be futile.

Plaintiff's proposed amended complaint takes many of the same factual allegations made in her original complaint and repackages them into new causes of action.  *See generally* Amended Complaint, ECF 22-2 ("Am. Compl.").  Each of Plaintiff's proposed new causes of action, like her existing causes of action, is nothing more than a collateral attack on the state foreclosure and eviction proceedings.  *Id*. at 17-34.  Plaintiff's proposed causes of action would have this Court issue a declaratory judgment declaring the foreclosure improper (Count One), find the foreclosure as wrongful (Count Two), find that Defendants lacked the capacity to foreclose (Count Three), find that the Mortgage had been fraudulently conveyed (Count Four), find that the state court had been defrauded (Count Five), find that Defendants had intentionally inflicted emotional distress and mental anguish through the foreclosure and eviction proceedings (Count Six), find that the state court judgment is void (Count Seven), and order punitive damages and recission against Defendants due to the above-described conduct (Count Eight and Count Nine).  *Id*.  Each of these proposed causes of action is a collateral attack on the state court's foreclosure judgment and ongoing eviction proceedings requiring dismissal, as described above, pursuant to the *Younger* abstention doctrine, the *Rooker-Feldman* Doctrine, and res judicata.  Accordingly, leave to amend is denied as futile.

## CONCLUSION

For the reasons set forth above, Plaintiff's motion for default judgment is denied, Defendant's motion to dismiss Plaintiff's complaint is granted, and Plaintiff's motion for leave to amend is denied.  In light of these rulings, Plaintiff's motion for summary judgment is denied as moot.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith, and therefore, *in forma pauperis* status is denied for purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is respectfully directed to close this case and to send a copy of this order to Plaintiff at the address provided.

**SO ORDERED.**


_____
/s/
**ORELIA E. MERCHANT**
**United States District Judge**

Dated: Brooklyn, New York
November 17, 2023

9